BOYD, Justice,
concurring in part and dissenting in part.
I agree with the Court’s approval of the finding of misconduct on one count of the Bar’s complaint. Respondent’s conduct in adding his name as a payee to his client’s settlement check, while merely a technical rule violation under the circumstances, did create an appearance of impropriety. It should be noted that this was done merely for convenience in that the client was not harmed and respondent did not take anything more than he was entitled to.
*1230 I also agree with the Court’s approval of the referee’s findings of no misconduct on the other two counts of the Bar’s complaint.
In fixing a punishment for the misconduct shown in this case all the circumstances should be taken into consideration. It should be kept in mind that when the client contacted respondent about his legal problem respondent acted quickly and effectively to preserve the claim and to refer it to counsel specializing in medical malpractice. Under the circumstances the referee reached a just solution in recommending a public reprimand.
It should be noted that no complaint is made of the fact that respondent received half of the other lawyer’s percentage contingent fee and yet also accepted the agreed ten percent of proceeds from the client. As the majority notes, this controversy was settled following a civil action.
I do not find respondent’s past record of disciplinary proceedings very persuasive on the question of appropriate discipline in this case. There is no pattern of escalating misconduct, the last disciplinary judgment was rendered seven years ago, and presumably respondent was considered rehabilitated following that 1979 suspension. Under the circumstances, I would accept the referee’s recommendation of a public reprimand.